# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

LAWRENCE GADSON,

    Defendant.

CR 418-191

### ORDER

Before the Court is Lawrence Gadson's motion for state custodial time to be credited to his federal sentence. Dkt. No. 35. For the reasons below, Gadson's motion is **DENIED**.

On May 31, 2019, after pleading guilty to possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute marihuana, in violation of 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), (b)(1)(D), Gadson was sentenced to sixty-three months' imprisonment with the Bureau of Prisons ("BOP"), to be served consecutively to the state parole revocation sentence he was serving. The Judgment also provided, "It is the Court's intent that the defendant be given credit toward his federal sentence for all time served in custody since his October 19, 2018, initial appearance and arraignment."

Gadson now moves the Court for an order crediting time toward his federal sentence from the date he was *initially arrested* by state authorities on January 26, 2018. At the time of his arrest, Gadson was on state parole for aggravated assault committed in 2008. On February 12, 2018, as a result of his arrest, his state parole was revoked, with a maximum release date of August 8, 2020.

While serving the parole revocation sentence, Gadson made his initial appearance via writ on October 19, 2018, to answer to the federal charges. After sentencing on May 31, 2019, Gadson was returned to state authorities to complete his parole revocation sentence. He commenced his federal term of imprisonment on January 22, 2020.

A review of the BOP's SENTRY Computation Data indicates that Gadson's good conduct release date is June 7, 2024, with a full term expiration date for the federal sentence on March 17, 2025, indicating that the BOP computed Gadson's sentence consecutively to the parole revocation sentence as Ordered by the Court. However, although recommended by the Court, credit for time served was not computed into Gadson's federal sentence by the BOP.

The time for which Gadson is requesting credit toward his federal sentence, including the time he was under a writ for federal prosecution, was credited to his state parole revocation

sentence. Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence." Despite the Court's recommendation otherwise, because Gadson has already received credit against his state parole revocation, the Court cannot now order that time be credited toward his federal sentence. Accordingly, Gadson's motion, dkt. no. 35, is **DENIED**.

**SO ORDERED**, this 1st day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA